IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLIFFORD FARFAN,

        Plaintiff,

vs.                                                No. CIV 05-952 LCS/LAM

QUALITY PONTIAC-GMC-BUICK, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand Case to the Second Judicial District Court [Docket #6], filed September 30, 2005. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motion and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that the Motion is not well-taken and should be **DENIED**.

### I.    Factual Background

Plaintiff filed the present action in the Second Judicial District Court of the State of New Mexico on May 4, 2005, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601-1667f (2000), the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681u, (2000), and the Computer Fraud and Abuse Act, 18 U.S.C. § 1001-1030 (2000). Plaintiff also claims violations of New Mexico state law based on negligence and on violations of the New Mexico Unfair Trade Practices Act, N.M. Stat. Ann. § 57-12-1 (1978). Defendant, Quality Pontiac-GMC-Buick, Inc. (hereinafter "Quality Pontiac"), was served with the Summons and Complaint on June 2, 2005, and at that time turned the Complaint over to Sentry Select Insurance Company ("Sentry"), its insurer. Rory Smith, a claims adjuster for Sentry, was assigned the claim on June 8, 2005.

It appears from the contentions of both Plaintiff and Defendant that Mr. Smith attempted to engage in settlement negotiations with Plaintiff's counsel for several months subsequent to being served with the Complaint. [Pl. Ex. B; Def. Ex. A]. It is further undisputed that during this time of attempted settlement Mr. Smith did not seek the services of legal counsel. Instead, Mr. Smith and Ms. Sanders apparently attempted to resolve the dispute on their own. Mr. Smith has indicated that Ms. Sanders first granted him a 30-day extension of time to answer the Complaint, and then agreed to an open-ended extension of time to file an Answer. [Def. Ex. A]. Mr. Smith contends that Ms. Sanders was aware that he would only be seeking legal representation in the event he and Ms. Sanders were unable to resolve the matter on their own. [Id.]

Mr. Smith retained counsel for Quality Pontiac on or about August 15, 2005, when it became clear that the parties would be unable to reach an out-of-court settlement. Shortly thereafter, defense counsel sought to remove the matter to federal court. Mr. Smith has stated his understanding that, because Plaintiff's counsel agreed to an indefinite extension of time to file an Answer, Plaintiff had agreed to toll any other applicable deadlines as well. Mr. Smith further contends that he relied on this representation of Plaintiff to his detriment, such that the time-period for filing a petition for removal should be tolled. Plaintiff argues that, while his attorney did agree to an open-ended extension of time for filing an answer, she at no time indicated that any other deadlines would be tolled and that Defendant is therefore barred from having the case removed to this Court.

## II.     Standard

The statute relevant to the present motion, 28 U.S.C. § 1446(b), establishes a thirty-day period during which a Defendant may seek to remove a case filed in state court to fedeal court.

2

This thirty-day filing period, while not jurisdictional, "is mandatory and failure to comply with [the rule] will defeat a defendant's removal petition." *Nicola Prod. Corp. v. Showart Kitchens, Inc.*, 682 F.Supp. 171, 172 (E.D.N.Y. 1988) (quoting *Staples v. Joseph Morton Co., Inc.*, 444 F.Supp. 1312 (E.D.N.Y. 1978)). This requirement is generally interpreted strictly, for reasons of comity and the reluctance to interfere with a plaintiff's right to choose his own forum. *See Hess v. Great Atlantic & Pac. Tea Co.*, 520 F.Supp. 373 (N.D.Ill. 1981). As such, absent waiver or estoppel, the thirty day limitation period contained in the statute cannot be extended by court order, stipulation of the parties, or otherwise. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209 (9th Cir. 1980); *see also Dial-In, Inc. v. The ARO Corp.*, 620 F.Supp. 27 (N.D.Ill. 1985). Where a motion to remand has been filed, the burden of persuasion is on the removing party and "any *substantial* doubts as to the propriety of the removal must be resolved against proponents of the federal forum." *Gorman v. Abbott Lab.*, 629 F.Supp. 1196 (D.R.I. 1986) (emphasis added).

**III.     Analysis**

A number of courts have held that "an equitable exception to the . . . time limit imposed by Section 1446(b) is warranted where . . . the circumstances suggest that . . . the interests of justice favor removal." *Hill v. Delta Int'l Mach.*, 386 F.Supp.2d 427, 430 (S.D.N.Y. 2005). Such an extension does not "interfere with Congress' purpose in creating the time limit, which was to 'reduc[e] the opportunity for removal after substantial progress has been made in state court.'" *Id.* at 431.; H.R.Rep. No. 100-889 1988 U.S.C.C.A.N. 72. Courts that have granted equitable extensions of the removal period have done so after weighing factors such as the plaintiff's behavior, the fairness to the defendant of allowing or denying the extension, and the systemic interest in efficiency and respect for the state courts. *Id.*; *see also In re Rezulin*, 2003 WL

3

21355201 at *2 (considering plaintiff's behavior and "interests of justice" when granting extension).

Under § 1446(b), the removal period does not begin until the defendant is able to "intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). "If the statute is going to run, the notice ought to be unequivocal." *Id.*[1] In *Staples* for instance, the United States District Court found that Plaintiff was estopped from asserting the 30-day time limit of § 1446(b) when Plaintiff had orally agreed to discontinue the action against Defendant, who was represented by counsel, and when defense counsel had expressed concern about the time-limit for removal. *Staples*, 444 F.Supp. at 1313.

It appears to me that the equities of the present case favor allowing Defendant to remove the case to federal court. While I have been unable to discover a factually analogous case, I reach this conclusion for several reasons. In the first instance I note that the parties to this matter reached an agreement, the exact terms of which are unclear, in which it was agreed that certain deadlines would be extended indefinitely while the parties attempted to reach an out-of-court settlement. [Pl's Ex. B; Def. Ex. A]. During this period, Plaintiff's counsel was dealing solely with Mr. Rory Smith, an individual who was neither represented by counsel, nor a party to the litigation.

---

[1] Although the Court in *Huffman* determined that it was error not to have remanded the matter to the state court, it also determined that the thirty-day time period began to run, not from service of the summons, but only after it became clear, through deposition testimony, that the amount in controversy exceeded the statutory amount such that removal would be appropriate. *Huffman*, 194 F.3d at 1077.

The New Mexico Rules of Professional Conduct admonish a lawyer to use care in dealing on behalf of a client with a person unrepresented by counsel. In my view, although Mr. Smith is an insurance adjuster used to dealing with legal matters, Plaintiff's counsel was under a heightened duty to ensure that no misunderstanding existed as to the terms of the parties' agreement. When counsel granted Mr. Smith an open-ended extension of time to file an Answer, I believe it was incumbent upon her to inform Mr. Smith that this did not constitute an agreement to extend all deadlines in this matter. I find that Mr. Smith's status has an unrepresented person, despite having frequent dealings with attorneys, does shift the equities in this case such that Defendant's estoppel argument carries more weight.

I find that the equities of this matter make the case most closely analogous to *Huffman*. In that case, the Tenth Circuit determined that the 30-day time period for removal outlined in § 1446(b) did not begin to run until defense counsel learned of the possibility that the matter exceeded the statutory requirement for the amount in controversy. *Huffman*, 194 F.3d at 1077-78. Similarly, I believe it is only reasonable, given the apparently ambiguous nature of the extension given to Mr. Smith by Plaintiff's counsel, to begin the running of the 30-day time limit from the period in which counsel was retained in this case.

Finally, I turn to Congress' concern, in enacting § 1446(b), with comity and efficency in the state courts. With respect to these issues, I note that only minimal procedural steps had been taken in state court such that neither goal of comity nor efficiency will be thwarted by removal to the federal court. Additionally, as I noted at the outset of this opinion, Plaintiff filed this matter pursuant to a number of federal statutes. For this reason as well, I find it is appropriate for this court to retain jurisdiction of this matter. For the foregoing reasons, Plaintiff's Motion to

Remand this matter to state court [Docket #6] will be **DENIED.**

Because I have determined that remand is not appropriate, Plaintiff's Motion for Costs and Attorney Fees is also **DENIED**.

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**